**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | Chapter 13 |
| | ) | |
| Kim Smiley, | ) | |
| | ) | Judge Carol A. Doyle |
| Debtor. | ) | |
| | ) | Case No. 17 B 27169 |

## MEMORANDUM OPINION

Kim Smiley, the debtor in this chapter 13 case, filed a motion for sanctions under 11

U.S.C. § 362(k) against Bank of America for an alleged violation of the automatic stay.  Smiley

argues that Bank of America willfully violated the automatic stay by refusing to take affirmative

steps to release funds in Smiley's bank accounts at JP Morgan Chase Bank.  Those funds were

frozen by a citation to discover assets served by Bank of America on Smiley and Chase before

Smiley filed for bankruptcy.  Bank of America's service of the citation created a lien on the funds

under Illinois law.  The automatic stay does not require Bank of America to cause the release of

the funds and thereby give up its citation lien.  The motion will be denied.


1.      **Facts and Background**

The following facts are not disputed.  Bank of America obtained a judgment against

Smiley in February 2017 for approximately $228,000.  In April 2017, Bank of America issued

and served a citation to discover assets against Smiley.  Smiley repeatedly failed to comply with

the citation and appear for an examination.   Bank of America obtained a court order to compel

Smiley's appearance and was finally able to examine her in early September 2017.  Meanwhile,

1

Bank of America issued a third party citation to Chase, which was served on August 28, 2017.

On September 5, 2017, Bank of America received a response from Chase indicating that it held

more than $25,000 in four accounts in which Smiley had an interest.  Bank of America

immediately asked Chase for copies of Smiley's bank statements to ascertain the extent of her

interest in the accounts and to determine whether transfers were made in violation of the citation

served on Smiley in April.

Smiley filed a chapter 13 bankruptcy case on September 12, 2017.  Bank of America

learned of the bankruptcy filing on September 13, 2017.  It promptly contacted Chase to tell it to

suspend its efforts to provide copies of bank statements.  It also informed the state court of the

bankruptcy filing so that the case could be placed on the bankruptcy stay calendar.  In early

October, Smiley's counsel called counsel for Bank of America and requested that it "remove it's

freeze" on Smiley's bank accounts so she could use the funds.  Counsel for Bank of America

refused to do so and advised Smiley's counsel that it would be filing a motion to lift the stay.

Smiley then filed her motion for sanctions.  She argues that the automatic stay requires Bank of

America to release the funds in the bank account even though they are subject to a citation lien.

She seeks actual and punitive damages for this alleged willful violation of the automatic stay

under § 362(k) of the Bankruptcy Code.


**2.      Automatic Stay**

The automatic stay, which arises upon the filing of a bankruptcy petition, prohibits any

entity from commencing or continuing to pursue any judicial or other action against a debtor to

recover a pre-petition claim against that debtor.  11 U. S. C. § 362(a).  Section 362(k) provides

2

that "an individual injured by any willful violation of a stay provided by this section shall recover

actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may

recover punitive damages."  11 U.S.C. § 362(k).  To recover damages under this provision, a

debtor must prove by a preponderance of the evidence that:  (a) a bankruptcy petition was filed;

(b) the debtor is an individual; (c) the creditor had notice of the petition; and (d) the creditor's

action were willful and violated the stay.  *In re Kuzniewski*, 508 B.R. 678 (Bankr. N.D. Ill. 2014).

Smiley argues that Bank of America's failure to take affirmative steps to release the funds

held in her Chase accounts violated the automatic stay.  She relies primarily on *Thompson v.

General Motors Acceptance Corporation, LLC*, 566 F.3d 699 (7th Cir. 2009) and one

unpublished decision from this district that addressed a citation lien and the automatic stay, *In re

Rose*, 2012 WL 4511342 (Bankr. N.D. Ill. Oct. 2, 2012).   Smiley ignores two published

decisions that reject *Rose* and hold that the automatic stay does not require a creditor to "release"

assets held under a citation lien and thereby relinquish the lien.  *Kuzniewski*, 508 B.R. 678; *In re

Tires N Tracks, Inc.*, 498 B.R. 201 (Bankr. N.D. Ill. 2013).   This court agrees with *Kuzniewski*

and *Tires N Tracks* and concludes that the automatic stay does not require Bank of America to

cause the release of funds held in the Chase accounts and thereby give up its citation lien.

### 3.      Illinois Citation Liens and the Automatic Stay

Under Illinois law, a judgment creditor may serve a citation to discover assets on a

judgment debtor, which creates a lien on all non-exempt personal property of the judgment

debtor.  735 ILCS 5/2-1402(m); *Tires N Tracks*, 498 B.R. at 201-204.  While the automatic stay

prohibits a creditor from foreclosing on the citation lien, it does not require the creditor to give

3

up the lien.  As explained in detail in *Kuzniewski*, none of the subsections of § 362(a) requires a creditor to cause the release of funds held pursuant to a citation lien.  *Kuzniewski*, 508 B.R. at 685-93.  The court in *Tires N Tracks* reached the same conclusion:  the automatic stay does not require a judgment creditor to dismiss a citation proceeding and thereby give up the citation lien.  This court agrees with both decisions and will not repeat their analyses here.

The *Rose* decision relied on by Smiley is not persuasive.  In *Rose*, a judgment creditor served a citation to discover assets on the debtor's bank that created a lien against the funds and caused the bank to "freeze" the account.  Two weeks later, the debtor filed for bankruptcy.  Debtor's counsel then asked the creditor's counsel to remove the "hold" on the accounts.  The creditor refused.  The debtor filed a motion for sanctions.  The court granted the motion.  It determined that the creditor's refusal to dismiss the citation proceeding was a continuation of a judicial proceeding that violated § 362(a)(1).  It concluded that the automatic stay required the creditor not only to cease efforts to collect on the citation lien but also to dismiss the citation proceeding.  2012 WL 4511342 at *3.

The *Rose* court did not acknowledge that the service of a citation under Illinois law created more than a "hold" on the accounts –  it created a valid lien that had not been avoided under any provision of the Bankruptcy Code or non-bankruptcy law.  The court also did not explain how the automatic stay required the creditor not only to cease any affirmative acts to collect through the citation proceeding but also to take affirmative steps to dismiss the citation proceeding.  As discussed in *Kuzniewski*, the automatic stay usually does not require the affirmative act of dismissal of a judicial proceeding.  498 B.R. at 686-87.  Finally, the *Rose* court

4

failed to explain how the automatic stay can force a creditor to give up a valid lien. The decision is not persuasive.[1]

4.      *Thompson*

Smiley also relies on *Thompson*, 566 F.3d 699, a seminal case in this circuit. In *Thompson*, the Seventh Circuit Court of Appeals held that a creditor who had repossessed a vehicle pre-petition and then refused to return it to the debtor after a chapter 13 case was filed violated the automatic stay. The court held that passively holding onto an asset can constitute "exercising control" over it and violate section § 362(a)(3) of the Bankruptcy Code. 566 F.3d at 703. The court reasoned that the vehicle would provide more benefit to the debtor and all of his creditors if the debtor could use it than if it was sitting in the creditor's lot. *Id*. at 702. After weighing the practicalities of the situation, the court held that the creditor must turn over the vehicle and then seek adequate protection of its security interest in the asset or a modification of the automatic stay from the bankruptcy court. *Id.* at 708.

*Thompson* does not apply in this case to require the relinquishment of a citation lien. As the *Kuzniewski* court aptly noted, "*Thompson* is informative but not directly on point" for many reasons. 508 B.R. at 685. First, a creditor with a citation lien on bank funds is not in possession or control of the funds. Instead, the bank is required by the Illinois statute to hold the funds and a court order is required to terminate the citation proceeding or otherwise release the funds. Therefore, the creditor cannot on its own "obtain or direct the transfer of the funds without a

---

[1]The order entered in connection with the opinion was later vacated and the debtor's motion was denied. Order Vacating Judgment Order and Denying Motion, In re Rose, No. 12-27635 (Bankr. N.D. Ill. November 20, 2012), ECF No. 41.

further court order." *Id.*  In *Thompson*, the creditor had possession of the car and could easily

make it available to the debtor without approval from a court or anyone else.

Second, a creditor with a valid security interest in a vehicle is in a materially different

position than a creditor with a citation lien.   In *Thompson*, the creditor's lien was created by a

written security agreement with the debtor that would continue to be valid whether the creditor

kept possession of the vehicle or not.  The court noted that after the creditor returned the car, it

could immediately apply to the bankruptcy court for adequate protection of that security interest.

It could also move to lift the stay to immediately repossess the collateral post-petition.  566 F.3d

at 703-04.  So the creditor would not only keep its lien, it had at least two means to protect it in

bankruptcy.  In the case of a citation lien on funds held in a bank account, however, once the

funds in the account are released, the creditor loses its lien on those funds – they are no longer

available to it to secure the judgment.  With no funds held subject to the citation lien, the creditor

would have no basis for seeking either adequate protection of its interest in the funds or a

modification of the automatic stay from the bankruptcy court.

This was exactly what happened in *Tires N Tracks*.  The creditor had a pre-petition

citation lien on all of the debtor's personal assets.  After the debtor filed a bankruptcy petition,

the creditor voluntarily took action in state court to dismiss the citation proceeding, believing that

the automatic stay required it to do so.  The bankruptcy court held that the automatic stay did not

require the creditor to dismiss the citation proceeding but that once the proceeding was

dismissed, the creditor was no longer a secured creditor and could not be granted adequate

protection of the interest it voluntarily gave up.  498 B.R. at 205-07.  Thus, if a citation creditor

takes action to cause the release of the funds or moves to dismiss the citation proceeding, it will

6

not be able to protect its lien rights by either of the two means identified in *Thompson* – seeking

adequate protection or a stay lift from the bankruptcy court.

Third, the funds in Smiley's Chase account are Bank of America's cash collateral.  11

U.S.C. § 363(a); *see Kuzniewski*, 508 B.R. at 692.  Under § 363(c)(2) of the Bankruptcy Code, a

debtor may use a creditor's cash collateral only if the creditor consents or she obtains a court

order permitting the use, in which case the creditor is entitled to adequate protection of its

interest in the cash.  11 U.S.C. § 363(c)(2), (e).  Thus, Section 363(c) expressly puts the onus on

the debtor to seek permission from the creditor or the court before it can use cash collateral.

Obviously, this provision did not apply to the vehicle in *Thompson*.  Interpreting § 362(a) and

*Thompson* to require the creditor to give the debtor unrestrained use to its cash collateral without

its consent would abrogate § 363(c).  Nothing in *Thompson* even remotely suggests that the

decision should be applied to cash collateral.  Instead, the burden was on Smiley to file a motion

seeking use of the cash collateral.

Finally, as noted in *Kuzniewski*, concluding that the automatic stay requires a creditor to

give up lien rights would violate a central principle of bankruptcy law -- that a lien against

property of the debtor passes through bankruptcy unless action is taken to avoid it.  508 B.R. at

690-91; *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991); *In re Pence*, 905 F.2d 1107, 1109

(7th Cir. 1990);  *In re Taylor*, 289 B.R. 379 (Bankr. N.D. Ind. 2003).  Such an interpretation could

also deprive the lien holder of its property without due process.  *Kuzniewski*, 508 B.R. at 690-91.

The Bankruptcy Code provides a number of potential grounds to attack or avoid a lien but until

such an action is filed and succeeds, a creditor retains its pre-petition lien rights in bankruptcy.  A

party seeking to attack the validity, priority, or extent of a lien must file an adversary proceeding

7

against the lien holder.  Fed. R. Bankr. P. 7001(2).   An action to avoid a lien under §§ 547-550

of the Bankruptcy Code must also be brought through an adversary proceeding.  11 U.S.C. §§

547-550.  A debtor seeking to avoid a judgment lien under § 522(f) of the Bankruptcy Code on

the basis that it impairs an exemption must file a motion under Rule 9014 and serve it in

accordance with Rule 7004 of the Federal Rules of Bankruptcy Procedure.  11 U.S.C. § 522(f);

Fed. R. Bankr. P. 7004, 9014.  Under either procedure – an adversary proceeding or a motion –

the creditor is assured of due process before it loses its lien.  The automatic stay should not be

applied to violate the fundamental principle that a lien passes through bankruptcy unless it is

successfully attacked in a proceeding that affords due process to the lien holder.  These issues

were not relevant in *Thompson* so the court had no occasion to consider them.

  For all of these reasons, *Thompson* does not apply in this case to require Bank of

America to take action to obtain the release of funds held at Chase under its citation lien or to

dismiss the citation proceeding.

**5.**      **Conclusion**

Bank of America did not violate the automatic stay merely by failing to cause the release

of the funds held pursuant to the citation lien immediately upon the filing of the Smiley's

bankruptcy case.  Smiley therefore is not entitled to damages for violation of the stay under §

362(k).   Her motion for sanctions will be denied.


Dated: January 11, 2018                              ENTERED:

                                                     _____
                                                     Carol A. Doyle
                                                     United States Bankruptcy Judge